**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| | } |
| Plaintiff, | } |
| vs. | } Case No. CR-10-188-R |
| | } |
| DEAN LEROY FREERKSEN III and | } |
| ALICIA DANIELLE FREERKSEN, | } |
| | } |
| Defendants. | } |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT DEAN LEROY FREERKSEN III'S**
**MOTION FOR SEVERANCE (Doc. 27)**

The defendant Dean Leroy Freerksen III has moved the Court to sever his trial from that of his co-defendant on the grounds that the co-defendant Alicia Danielle Freerksen made a hand-written statement implicating Dean Freerksen in attempting to exonerate herself. At this point, the motion is premature. If Alicia Freerksen testifies, no confrontation issue arises.

Moreover, a defendant seeking severance "bears a heavy burden of demonstrating prejudice to his case." *United States v. Wacker*, 72 F.3d 1453, 1468 (10th Cir. 1995). And there is a preference for defendants who have been

indicted together to be tried together. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Joint trials promote efficiency and serve the interests of justice by avoiding inconsistent verdicts. *Id.* at 537. The defendants here were properly joined in the indictment under Rule 8, Federal Rules of Criminal Procedure, since the conduct is based on the same acts and transactions. Before exercising its discretion to grant a motion to sever, the District Court must weigh prejudice to the defendant caused by joinder against the "obviously important considerations of economy and expedition in judicial administration." *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979).

The defendant Dean Freerksen claims that the statement by Alicia Freerksen that she was brain-washed by her husband and compelled to participate in the activities against her will requires severance. However, "finger-pointing" does not provide a sufficient basis for severance. *United States v. Linn*, 31 F.3d 987, 991 (10th Cir. 1994). Likewise a defendant's claim that she is less culpable than the co-defendant is not sufficient for severance. *United States v. Wacker*, 72 F.3d 1453, 1467 (10th Cir. 1995). Severance is simply not warranted merely because defense theories conflict or because one defendant is attempting to cast blame on the other. *United States v. Deirden*,

38 F.3d 1131, 1140 (10th Cir. 1994). "[M]utually antagonistic defenses are not prejudicial per se." *Zafiro v. United States*, 506 U.S. 534, 538 (1993). "The defenses truly must be mutually exclusive, such that the jury could not believe the core of one defense without discounting entirely the core of the other." *Id.*

Since the issue of whether or not Alicia Freerksen will testify has not been determined at this point, the defendant's motion to sever is premature. The motion should be denied.

SANFORD C. COATS
UNITED STATES ATTORNEY

s/ Randal A. Sengel
RANDAL A. SENGEL  (OBA No. 11701)
Assistant U.S. Attorney
210 West Park Avenue - Suite 400
Oklahoma City, Oklahoma  73102
Direct:   (405) 553-8845
Telefax: (405) 553-8887
E-mail:         Randy.Sengel@usdoj.gov

**Certificate of Service**:

      I hereby certify that on June 30, 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    David Autry, Esq.
    Counsel for Defendant Dean Leroy Freerksen III

    Teresa Brown, Esq.
    Counsel for Defendant Alicia Danielle Freerksen

                                  s/ Randal A. Sengel
                                  Randal A. Sengel
                                  Assistant United States Attorney