**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR 10-188-R-1 |
| | ) | |
| DEAN LEROY FREERKSEN, III, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO PRESENCE REPORT**

Defendant, Dean Leroy Freerksen, III, submits the following as his objections to the presentence investigation report.  The report was disclosed to counsel on December 17, 2010, with objections due to be filed on or before January 3, 2011.  By previous order of the Court, Defendant was granted until on or before January 10, 2011 within which to file objections.

1.  Objection to paragraph 12: Paragraph 12 of the report states that a variety of sexually related materials or sexual "aids" or "sex toys" unrelated to the offenses of manufacturing child pornography, as well as a "red spiral notebook with dated writings," were taken in the search of Defendant's residence by the Woodward, Oklahoma Police Department on July 13, 2009.  Because it was legal for Defendant to have these items, recitation of them by the Probation Office is irrelevant to any sentencing issue and should not be considered by the Court.

1

2.   Objection to paragraph 16: The Probation Office states that a 2-level increase for obstruction of justice pursuant to USSG § 3C1.1 appears warranted.  It is alleged that after C.L.'s mother (Defendant's sister) contacted Defendant after taking C.L. to the doctor and learning that she had been sexually active, Defendant began deleting photographs from his computer.  Quoting the application note 1 to § 3C1.1, the Probation Office states the alleged act of deleting photographs from the computer was "obstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction" which may constitute obstruction of justice "if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction."

Defendant denies deleting any images or photographs from a computer, and states that if any such deletions were made, they were made by his co-defendant, Alicia Freerksen.  Moreover, even if it could be said simply for the sake of argument that Defendant deleted photographs from the computer, this activity, occurring before the launching of any investigation, does not amount to obstruction of justice; any such act certainly was not likely to thwart the investigation, since deleted images can be recovered by forensic computer experts.

3.   Objection to paragraph 17:   The Probation Office states that no downward adjustment for acceptance of responsibility is warranted because "defendant denied his guilt [,] put the government to its burden of proof at trial[,]" and Defendant was convicted

of all 5 counts in the indictment.  Defendant notes, however, that when he was cross-examined at trial and was asked by the prosecutor whether he was guilty, Defendant stated he was guilty of "some" of the counts in the indictment, or words to that effect. Because Defendant, through his testimony, accepted responsibility to some degree, but elected to exercise his Sixth Amendment right to trial by jury, he should be given a 2-level decrease for acceptance of responsibility.

4.  Objection to paragraph 18:  The Probation Office acknowledges that Counts 1 and 2 should be grouped together under USSG § 3D1.2(a) because they involved the same victim, S.F.  Likewise, the Probation Office acknowledges that Counts 3 and 4 should be grouped together because these counts involved the same victim, C.L. However, the Probation Office states that Count 5, also involving C.L., should not be grouped with Counts 3 and 4 because the conduct leading to the conviction on Count 5 occurred on a different date than the conduct relative to Counts 3 and 4, and thus represents a "separate harm."

Defendant objects.  Count 5 should be grouped with Counts 3 and 4.  The victim in each of these three counts is the same person, C.L.; the offense in Count 5 was committed shortly after the offenses in Counts 3 and 4; and the offense in Count 5 appears to be part of a single pattern of conduct committed over a short period of time. There was but a single harm.  USSG § 3D1.2(b).[1]

---

[1]  While § 3D1.2(d) says that offenses committed under § 2G2.1 are excluded from operation of this subsection, the guidelines are advisory, and this guideline states that grouping

5.   Objection to paragraph 20: The Probation Office states that a 2-level increase is warranted to the base offense level of 32 for the counts of conviction comprising Group One (Counts 1 and 2, relating to S.F.) because S.F. was between the ages of 12 and 16 years old at the time of the offenses.  USSG § 2G2.1(b)(1)(B).  Defendant objects. Although S.F. was in fact 15 years old at the time of the offenses, testimony at trial indicates that she misrepresented her age and claimed to be 17 years old; her "MySpace" page indicated she was two years older than she actually is.  Defendant believed S.F. to be 17 years old at the time of the offenses comprising Counts 1 and 2, which is one year older than the age of consent in Oklahoma.  Because Defendant did not knowingly exploit a child under 16 for the purposes of taking a photograph or photographs of a minor engaged in sexually explicit conduct, this 2-level enhancement should not apply.

Additionally, Defendant objects to the "age gradation" sentencing enhancements in the child exploitation or child pornography guidelines.  The fact that a victim of a child pornography offense will be a minor is inherent within the offense itself.  Because virtually every child pornography offense will involve a victim less than 16 years of age, carving out a specific offense characteristics to take into account gradations in the age of the victim in order to increase punishment results in over-inclusiveness, and points to the overall unfairness and undue harshness of the child pornography guidelines as a whole. Because all victims of child pornography offenses are minors, sentencing enhancements

---

may still be appropriate under another section or subsection.

which distinguish between certain victim age groups are essentially a form of double

counting.   *E.g., United States v. Riley,* 655 F.Supp.2d 1298, 1300-02 (S.D. Fla. 2009);

*United States v. Hanson,* 561 F.Supp.2d 1004, 1010-11 (E.D. Wis. 2008)(criticizing and

refusing to apply child pornography guidelines enhancements because sentences are

increased for reasons that are present in virtually all child pornography prosecutions, and

because the child pornography guidelines were implemented in defiance of the

Sentencing Commission's empirical studies); Stabenow, Troy, *Deconstructing the Myth*

*of Careful Study: A Primer on the Flawed Progression of the Child Pornography*

*Guidelines* (See June 10, 2008 edition of "Sentencing Law and Policy,"

http://sentencingtypepad.com)

      6.   Objection to paragraph 21: The Probation Office assesses a 2-level increase

with respect to the counts of conviction comprising Group One (S.F.) because "sexual

contact" occurred between Defendant and S.F.  USSG § 2G2.1(b)(2)(A).  Defendant

submits that this enhancement is yet another improper means of  "running up the score" in

child pornography prosecutions, since the statutes by their very nature criminalize

depictions of sexually explicit conduct involving minors, and many of these depictions

involve sexual contact between adults and minors.  In essence, this enhancements "double

counts" the nature of the offense itself, and is over-inclusive.

      7.   Objection to paragraph 24:  The Probation Office assesses a 2-level increase for

obstruction of justice under USSG § 3C1.1.  Based on the objection to paragraph 16,

Defendant should not be penalized for alleged "obstruction of justice."

8.  Objection to paragraph 25:  The Probation Office sets the Adjusted Offense level for Counts 1 and 2 (Group One) at 38.  Based on the above objections, the Adjusted Offense Level should be 30  (base offense level of 32 minus 2 levels for acceptance of responsibility).

9.  Objection to paragraph 27:  With respect to Counts 3 and 4, involving victim C.L., which the Probation Office states comprise Group Two, the Probation Office assesses a 4-level increase because C.L. was a minor who had not yet attained the age of 12 years.  USSG § 2G2.1(b)(1)(A).  Again, because all victims of child pornography offenses are by definitions minors, and the overwhelming majority of such victims appear to be under 12 years of age, this specific offense characteristic, which increases punishment for an offense that by definition victimizes minors,  is "over-inclusive" and results in the guidelines for child pornography offenses being unduly harsh and duplicative.  The age gradations used in the child pornography guidelines are, in a very real sense, a form of double counting.

10.  Objection to paragraph 28:  The Probation Office assesses a 2-level enhancement under USSG § 2G2.1(b)(2)(a) because "[t]he offense involved the commission of a sexual act between C.L. and the defendant[.]" Defendant objects for the same reasons he objected to an identical enhancement for the counts of conviction relating to S.F.  (see objection to paragraph 21)  This enhancement is over-inclusive and

improperly inflates the punishment range for offenses of this type.

11.  Objection to paragraph 29:  A 4-level increase is assessed by the Probation Office under USSG § 2G2.1(b)(4) because "[t]he offense involved C.L. being inserted with a white object and also having sex with an adult male while being prepubescent."

The Probation Office incorrectly applies § 2G2.1(b)(4), which states that a 4-level increase to the advisory guidelines sentencing range is warranted "[i]f the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence[.]" The photograph of C.L. having a small white vibrator or sex toy being inserted into her vagina does not qualify as a depiction or portrayal of sadistic or masochistic conduct, or otherwise constitute a depiction of violence.  Moreover, the Probation Office, in stating that the photograph depicts a prepubescent C.L. having sex with an adult male, does not constitute a representation of sadomasochism or violence. Finally, the fact that the image shows C.L. having sex with an adult male would double count the enhancement under § 2G2.1(b)(2)(a), which is itself objected to.  (See objection to paragraph 28)

12.  Objection to paragraph 33:   The Probation Office assesses a 2-level enhancement for obstruction of justice under USSG § 3C1.1, because Defendant allegedly deleted photographs from his computer.  Defendant restates and re-incorporates his objection to paragraphs 16 and 24.  An obstruction of justice enhancement is unwarranted.

13.  Objection to paragraph 34:   For what the Probation Office characterizes as Group Two, involving victim C.L., the Adjusted Offense Level is set at 46.  Based on the above objections, the Adjusted Offense Level should be 32 (base offense level of 32, plus a 2-level enhancement because C.L. was placed in the care of her uncle, the Defendant, under § 2G2.1(b)(5), minus 2 levels for acceptance of responsibility).

14.  Objections to paragraphs 35-43:  Defendant generally objects to each of these paragraphs, which treat Count 5 as a separate group from Counts 3 and 4 (Group Two), for the reasons stated in the objection to paragraph 18; Count 5 should be grouped with Counts 3 and 4.   More specifically, should the Court overrule the objection to treating Count 5 as a separate group, Defendant objects to paragraph 36 (4-level increase under § 2G2.1(b)(1)(A) because C.L. had not attained the age of 12 years); paragraph 37 (2-level increase under § 2G2.1(b)(2)(A) because the offense involved the commission of a sex act between C.L. and Defendant); paragraph 38 (4-level increase under § 2G2.1(b)(4) because C.L. was subjected to sexual acts with an adult male while being prepubescent); and paragraph 42 (assessing a 2-level increase for obstruction of justice under § 3C1.1) for the same reasons stated in the objections to paragraphs 27, 28, 29 and 33, above. Based on the above objections, Defendant objects to paragraph 43, which sets the Adjusted Offense Level for Count 5 at 46.  If Defendant's objection to treating Count 5 as a separate group is overruled, the adjusted offense level for this count should be 32, as it was for Group Two.

15.  Objections to paragraphs 44-51: Under the heading "Multiple Count Adjustment," the Probation Office states that the Adjusted Offence Level for Group One, involving victim S.F., which comprises ½ unit under USSG § 3D1.4, is 38.  Based on the above objections, the Adjusted Offense Level should be 30.  The Probation Office states that the Adjusted Offense Level for Group Two, comprising one unit, and involving victim C.L., is 46.  Based on the above objections, the Adjusted Offense Level should be 32.  The Probation Office states that the Adjusted Offense Level for Count 5, comprising one unit, and involving victim C.L., is 46.  Based on the above objections, Count 5 should be grouped with Counts 3 and 4, and not denominated a separate group.  If Defendant's objection in this respect is not sustained, and based on the above objections, the Adjusted Offense Level for Count 5 should be 32.  In paragraph 48, the Probation Office states that the total number of units is 2 ½.  Based on the above objections, the total number of units should be 1 ½ (½ unit for victim S.F. and one unit for victim C.L.).  In paragraph 49, the Probation Office states that the Greater Adjusted Offense Level is 46.  Based on the above objections, the Greater Adjusted Offense Level should be 32.  In paragraph 50, the Probation Office states that the Increase in Offense Level is 3, pursuant to USSG § 3D1.4, which directs that 3 levels be added where the number of units is 2 ½ - 3.  Based on the above, the number of units is 1 ½, which would call for a 1-level increase.  In paragraph 51, the Probation Office states that the Combined Adjusted Offense Level is 49.  Based on the above objections, the Combined Adjusted Offense Level should be 33.

16.  Objection to paragraph 52:  Under the heading "Chapter Four Enhancements," the Probation Office states that Defendant is a Career Offender under USSG § 4B1.1 because the instant offenses of conviction are crimes of violence, and Defendant has previous convictions for crimes of violence involving aggravated assault and battery and child stealing.  Defendant shows below that he is not a Career Offender, because child stealing is not a violent offense.  The Probation Office goes on to state in paragraph 52 that the offense level under USSG § 4B1.1 is 34, but that since this is less than the otherwise applicable guideline, the Combined Adjusted Offense Level of 49 shall apply. Based on the above objections, and because Defendant is not a Career Offender, as is shown below, the Combined Adjusted Offense Level is 33.

17.  Objection to paragraph 53: The Probation Office states that Defendant is entitled to no downward adjustment for acceptance of responsibility.  As stated previously, because Defendant, during his testimony, conceded he was guilty of "some" of the counts charged, he should be given a 2-level reduction for acceptance of responsibility.

18.  Objection to paragraph 54: The Probation Office states that the Total Offense Level is 49.  Based on the above objections, the Total Offense Level should be 33.

19.  Objection to paragraph 56: The Probation Office states that Defendant's conviction for child stealing in Woodward County Case No. CF-2005-164, for which Defendant is currently serving a 5 year suspended sentence after his original 3 year

deferred sentence was accelerated on May 12, 2009, is a crime of violence serving as a

predicate for a finding that Defendant is a Career Offender under USSG § 4B1.1.

Defendant objects, because child stealing is not necessarily a crime of violence,

and this particular offense was not a crime of violence.  USSG § 4B1.2 (a)(1)(2) provides:

(a) The term "crime of violence" means any offense under federal or
state law, punishable by imprisonment exceeding one year, that –

(1) has an element the use, attempted use, or threatened use
of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves
use of explosives, or otherwise involves conduct that presents
a serious potential risk of physical injury to another.

The elements of child stealing do not necessarily encompass the use, attempted use or

threatened use of physical force against the person of another, or necessarily otherwise

involve conduct that presents a serious potential risk of physical injury to another.

Moreover, the facts of the specific child stealing case for which Defendant was convicted

show that the victim, 15 year old J.R.W.,  was in effect a runaway who was staying at

Defendant's residence when she was found.  Defendant denies that, as recited in the

presentence report, he instructed J.R.W. to throw her clothes over the neighbor's fence so

he could pick them up.  The presentence report states J.R.W. left her residence, and took

her clothing with her without her mother's permission.  The presentence report relates

further that officers went to Defendant's residence in an attempt to find J.R.W., and that

she was discovered in the attic under insulation stacks after Defendant allowed officers to

search for her and unlocked the bedroom door. None of this information indicates that any violence was used or threatened against J.R.W. Nor do the allegations in the Information charging this offense indicate the actual use or threat of violence. There is no indication that force was actually used to entice J.R.W. to Defendant's home.

20. Objection to paragraph 58: While Defendant concedes that his conviction for aggravated assault and battery in Woodward County Case No. CF-2008-71 would constitute a crime of violence, this is the only conviction he has for a crime of violence that could serve as a predicate for a determination that he is a Career Offender. Because Defendant does not have two previous predicate convictions for crimes of violence, he cannot be termed a Career Offender under USSG § 4B1.1.

21. Objection to paragraphs 60-62: In paragraph 60, the Probation Office, pursuant to USSG § 4A1.1(d), adds two points to Defendant's criminal history score of 3, for a total of 5 criminal history points, because Defendant was on probation in Woodward County Case Nos. CF-2005-164, CF-2007-96 and CF-2008-71 when the instant offenses were committed.

Defendant objects to the addition of two points to his criminal history score based on these probationary sentences, because this double counts the use of these Woodward County convictions to compute his criminal history score in the first instance. The 2010 amendments to the advisory guidelines eliminated the enhancement under USSG § 4A1.1(e), which added criminal history points depending on the recency of defendant's

release from incarceration relative to the commission of a new offense, on the theory that recency of release from incarceration is not an accurate predictor of recidivism.  Although the Sentencing Commission left § 4A1.1(d) intact, the logic of its elimination of § 4A1.1(e) compels the conclusion that the Court, in the exercise of its discretion, should decline to apply the two point increase in the criminal history score for commission of the instant offenses while Defendant was serving a sentence or sentences of probation. Therefore, Defendant should have 3 criminal history points, not 5, which places him in Criminal History Category II, not III.

In paragraphs 61 and 62, the Probation Office states that Defendant's Criminal History Category is to be increased from III to VI because he is a Career Offender.  Based on the objection to paragraph 60, Defendant should be placed in Criminal History Category II.  Based on other objections made above, his criminal history score cannot be increased to VI because he is not a Career Offender.

Thus, for Group One (victim S.F.), with a Total Adjusted Offense Level of 30, and a Criminal History Category II, the advisory guideline sentencing range is 108-135 months.  If Defendant's objection to the addition of two criminal history points because the instant offense or offenses were committed while Defendant was under a probationary sentence is overruled, and he is placed in Criminal History Category III, the sentencing range for Group One is 121-151 months (recognizing, however, that the mandatory minimum sentence on the counts of conviction is 15 years).  For Group Two (victim

C.L.), with a Total Adjusted Offense level of 33, if Defendant were in Criminal History Category II, his advisory guidelines sentencing range would be 151-188 months.  If he were in Criminal History Category III, his advisory guidelines sentencing range would be 168-210 months (again recognizing that the statutory mandatory minimum is 15 years).

22.  Objection to paragraph 90:  The Probation Office implies that Defendant only served in the National Guard from June 5, 2001 to July 27, 2001, but this period only comprises a part of his National Guard training.  Defendant in fact served in the National Guard from 2001 to 2004, and was discharged honorably.

23.  Objection to paragraph 122:  The Probation Office, under the heading "Factors that may warrant a sentence outside of the advisory guidelines system," states it has no information "concerning the offense or the offender which would warrant a sentence outside the advisory guideline range."  This overlooks that in determining sentence under 18 U.S.C. § 3553(a), the Court should choose a sentence that avoids unwarranted sentencing disparities.  Alicia Freerksen was a full-fledged partner in the offenses charged, yet, due to a plea bargain with the Government in exchange for her testimony against her husband, she is facing a maximum of 10 years imprisonment on a single count of possession of child pornography.  Although equally culpable, Ms. Freerksen is getting the proverbial slap on the wrist while the Probation Office recommends, and the Government seeks, what amounts to a life sentence against Mr. Freerksen.

WHEREFORE, Defendant asks that his objections to the presentence report, or

14

some of them, be sustained.

Respectfully submitted,

/s/ David Autry
David Autry, OBA #11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
(405) 521-9600
(405) 521-9669 [fax]
dbautry44@hotmail.com

**Certificate of Electronic Filing and Service**

This is to certify that on this 9th day of January, 2011, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing.  A copy will be served electronically to Randal A. Sengel, AUSA, 210 W. Park Avenue, Ste. 400, Oklahoma City, OK 73102.  To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ David Autry