IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR 10-188-R |
| ) | |
| DEAN LEROY FREERKSEN, III, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SENTENCING MEMORANDUM, REQUEST FOR
A DOWNWARD VARIANCE FROM THE ADVISORY SENTENCING
GUIDELINES, AND BRIEF IN SUPPORT**

Defendant, Dean Leroy Freerksen, III submits the following as his sentencing memorandum and request for a downward variance, and brief in support, particularly, if not exclusively, if his substantive objections to the presentence report are overruled in whole or in part.  This document is presented in addition to the objections to the presentence report, which were filed of record.

**1. Sentencing overview**

In arriving at a reasonable, appropriate sentence, the Court must initially calculate the correct advisory guideline range, then impose the sentence appropriate in accordance with the considerations enumerated in 18 U.S.C. § 3553(a).  *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 596 (2007); *United States v. Smart,* 518 F.3d 800, 803 (10th Cir. 2008).  Among other things, correctly calculating the advisory guideline range is part of

the procedural reasonableness of any sentence imposed. Whether a sentence is substantively reasonable depends on whether the length of the sentence is reasonable, given all the circumstances of the case in light of the factors set forth in § 3553(a). *Gall,* 128 S.Ct. at 597; *United States v. Verdin-Garcia,* 516 F.3d 884, 895 (10th Cir. 2008).

The § 3553(a) factors include: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed vocational training, medical care, or other effective correctional treatment; 3) the kinds of sentence available; 4) the advisory guideline range; 5) any pertinent policy statements issued by the Sentencing Commission; 6) the need to avoid unwarranted sentencing disparities; and 7) the need to provide restitution to the victims of the offense, where applicable.

The sentence imposed by the Court in consideration of these factors should be "sufficient but not greater than necessary to fulfill the purposes of sentencing," which include just punishment, deterrence, protection of the public and rehabilitation of the defendant. 18 U.S.C. § 3353(a)(2). *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 570 (2007)(parsimony provision is the "overarching" directive of the statute).

While the guidelines must be given respectful consideration in determining

sentence, it may not be presumed the advisory guideline sentence is the correct sentence. *Gall,* 128 S.Ct. at 594; *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2465 (2007). The guidelines are no longer "first among equals" with respect to the § 3553(a) factors; they are but a single consideration, to be given no greater weight than any other factor. After *Gall,* the Court has broad discretion to impose a reasonable sentence outside the advisory guideline range. A sentence within the advisory guideline range may be presumed reasonable on appeal, but a sentence outside that range may not be presumed unreasonable. *Gall,* 128 S.Ct. at 597.

Where the sentencing court varies from the advisory guideline range, it must provide a specific reason or reasons for doing so. *United States v. Angel-Guzman,* 506 F.3d 1007, 1016 (10th Cir. 2007); 18 U.S.C. § 3553( c)(2). This promotes the perception that a sentence is fair, rather than whimsical or capricious. *Gall,* 128 S.Ct. at 597. Significantly, a factor which, under the guidelines, is disfavored in determining sentence is no longer excluded from consideration under § 3553(a). *Id.*; *Kimbrough v. United States,* 128 S.Ct. at 575. With respect to a downward variance, any mitigating or other factor which is reasonable with respect to the individual offense and the individual defendant is open to consideration.

**2. Under 18 U.S.C. § 3553(a), a significant downward variance is reasonable and appropriate for Mr. Freerksen.**

As noted, one of the factors the Court must consider in fashioning an appropriate sentence under § 3553(a) is the need to avoid unwarranted sentencing disparities. The

Probation Office, notwithstanding Defendant's objections to the presentence report, has placed Mr. Freerksen "off the charts" under the advisory guidelines, concluding that he is at level 49. The Government, in its sentencing memorandum (Doc. 90), asks the Court to impose a life sentence, or its equivalent. Such a sentence would create a completely unjustifiable sentencing disparity in this very case.

While the Government urges that Mr. Freerksen be imprisoned for the rest of his natural life, this argument is seriously undermined by the position it took with respect to the co-defendant, Alicia Danielle Freerksen. Ms. Freerksen was originally charged, as was Defendant, with 5 counts of manufacturing child pornography. As both the Government and the Court are well aware, Alicia Freerksen was an active and willing participant in these offenses. She was up to her eyeballs in the same crimes for which her husband stands convicted. Instead of prosecuting her to the fullest extent of the law, however, the Government made her the proverbial "sweetheart" deal, allowing her to plead to a superseding information charging but a single count of possession of child pornography, with a statutory maximum term of 10 years. This Court recently sentenced Ms. Freerksen to 10 years imprisonment. The Government will doubtless contend that it made the unimaginably lenient deal with Ms. Freerksen to secure her testimony against her husband, but the record demonstrates that the Government "gave away the store" to a witness of marginal value to its case, if that. The photographs spoke for themselves; Alicia Freerksen's testimony was hardly essential to the case against Defendant. Despite

her conduct, Ms. Freerksen had the unmitigated gall to testify at Defendant's trial that she believed she deserved *no* prison time for her deplorable acts, which for all practical purposes were equal to Defendant's.

For Alicia Freerksen to walk away with a 10 year prison sentence (a comparative slap on the wrist) while the Government urges that Mr. Freerksen spend the remainder of his life behind bars is *per se* unreasonable and should not be countenanced. "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.." *United States v. Bohanon,* 484 F.3d 1003, 1005 (8th Cir. 2007). It is respectfully submitted that the Court would err if it failed to give significant weight to the need to avoid unwarranted sentencing disparities in determining the appropriate sentence for Mr. Freerksen. This consideration alone merits a significant downward variance from whatever advisory guideline range the Court determines to apply.

**3. In addition to the foregoing reason for a downward variance, such a variance is warranted because the child pornography guidelines are seriously flawed and are entitled to little deference.**

In Mr. Freerksen's case, a guideline sentence not only "fails to properly reflect the [section] 3553(a) considerations as applied to the facts of the case," *Rita,* 551 U.S. 38, 127 S.Ct. at 2465, with respect to the need to avoid unwarranted sentencing disparities, but also fails to embody or exemplify the Sentencing Commission's "exercise of its

characteristic institutional role." *Kimbrough,* 552 U.S. 85, 128 S.Ct. at 575.

In *United States v. Hanson,* 561 F.Supp.2d 1004, 1010-11 (E.D. Wis. 2008)(Adelman, J.), the district court found, for a number of reasons, that the child pornography guidelines did not embody the Sentencing Commission's institutional role, had numerous flaws, and therefore were to be accorded little if any deference. The court noted first that the child pornography guidelines "diverge[] significantly from the Sentencing Commission's typical, empirical approach ... ." *Hanson,* at 1009. This anomaly produced a sentence greater than that necessary to provide just punishment under section 3553(a), so the court varied downward from an advisory guidelines range of 210 to 262 months to 72 months, followed by lifetime of supervised release. *See also, e.g., United States v. Dorvee,* 604 F.3d 84, 96-98 (2nd Cir. 2010); *United States v. Grober,* 595 F.Supp.2d 382, 391-93 (D.N.J. 2008); *United States v. Baird,* 580 F.Supp.2d 889, 893-94 (D. Neb. 2008); *United States v. Shipley,* 560 F.Supp.2d 739. 744 (S.D. Iowa 2008); *United States v. Stern,* 590 F.Supp.2d 945 (N.D. Ohio 2008)(employing similar reasoning as *Hanson* and criticizing the undue harshness of the child pornography guidelines).

The usual empirical approach of the Sentencing Commission is absent from the guidelines for child pornography offenses because the guidelines contain numerous serious enhancements that are present and will apply in most child pornography cases. 18 U.S.C. section 3553(a)(2)(A).

The court in *Hanson* and other courts which have reached similar conclusions, as

Mr. Freerksen does here for his argument that the advisory guidelines should be accorded little or no deference, relied on *Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines,* by Troy Stabenow, a lawyer with the Federal Public Defender's Office in the Western District of Missouri. (See the June 10, 2008 edition of Sentencing Law and Policy, http://sentencing.typepad.com.) For example, the study draws parallels between the crack cocaine guidelines criticized in *United States v. Kimbrough, supra*, and the child pornography guidelines; neither were "representative of the Commission's typical role of empirical study." *Hanson,* at 1010. "The guideline has been steadily increased despite evidence and recommendations by the Commission to the contrary." *Id.*

Judge Adelman, citing Stabenow, remarked that over the thirteen year period from 1994 to 2007, the "mean sentence in child pornography cases increased from 36 months to 110 months." *Id.* at 1010. This increase "was not the result of the empirical approach often used by the Commission, designed to be an expert body on sentencing." *Id.* The jump in sentencing ranges under the advisory guidelines "was the result of arbitrary increases by Congress slipped into other bills, often with little or no debate, resulting in direct amendments to the guidelines." *Id.* at 1010.

Against the reasoning employed in *Hanson* and other similar cases, the Government in its sentencing memorandum cites *United States v. Cunningham,* No. 1:09 CR 154 (N.D. Ohio, January 26, 2010)(slip op.). The court in *Cunningham* rejected the

conclusions drawn in the Stabenow study and the cases that relied in part on that study to criticize the child pornography guidelines.  However, *Cunningham* seemingly acknowledged the emerging trend in evaluating the appropriateness of strictly applying the child pornography guidelines, as exemplified by *Hanson* and "numerous other" cases. *Id.* slip op. at p. 7.  Moreover, the Government ignores that in *United States v. Regan,* ___F.3d___, No. 10-2021 (10th Cir. Dec. 23, 2010), the panel stated the defendant's argument that the child pornography guidelines were unduly harsh based on the Stabenow study and cases relying on it or its reasoning was "quite forceful." *Id. at* 11.  The merits of the argument were not really reached because the defendant in *Regan* never made the arguments he raised on appeal in his sentencing memorandum or before the district court at the sentencing hearing.  It is thus arguable that the Tenth Circuit would adopt the position urged by Defendant here: that the child pornography guidelines should be given little, if any weight in determining the appropriate sentence.

### 4. Conclusion

Based on the foregoing argument and authority, Defendant requests that the Court vary downward from whatever guideline range it finds to apply in this case.

>Respectfully submitted,
>
>/s/ David Autry
>David Autry, OBA #11600
>1021 N.W. 16th Street
>Oklahoma City, OK 73106
>(405) 521-9600
>(405) 521-9669 [fax]
>dbautry44@hotmail.com
>
>Lawyer for Defendant

## Certificate of Service

_____This is to certify that on this 25th day of February, 2011, I caused the foregoing instrument to be filed with the Clerk of the Court, using the ECF System for filing. A copy will be served electronically to Randal Sengel and Brandon Hale, Assistant United States Attorneys, 210 W. Park Avenue, Suite 400, Oklahoma City, OK 73102. To counsel's knowledge, there are no non-ECF registrants who are counsel in this case.

>/s/ David Autry